FILED

2003 OCT 16  P 12: 41

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM SCOTT<br>　　Plaintiff<br>VS. | : <br> : <br> : <br> : | CASE NO. 303CV632(SRU) |
| UNITED NATURAL FOODS INC.<br>　　Defendant | : <br> : <br> : | OCTOBER 15, 2003 |

## RULE 26(F) REPORT OF PARTIES PLANNING MEETING

DATE COMPLAINT FILED: April 8, 2003

DATE OF PLAINTIFF'S APPEARANCE: April 8, 2003; substitute appearance by Catherine Sammartino and Andrew Berg on or about July 25, 2003.

DATE COMPLAINT SERVED:    On or about August 20, 2003.

DATE OF DEFENDANT'S APPEARANCE: August 12, 2003

Pursuant to Fed. R. Civ. Pro. 16(b), 26(f), and D. Conn. L. Civ. R. 38, a conference was held on September 5, 2003, and follow up conferences were held on or about September 23, 2003. The participants were Andrew Houlding for the defendant and Catherine Sammartino for Plaintiff.

I. CERTIFICATION

　　A.　Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

3. The Plaintiff contends that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1338 and 42 U.S.C. § 2000(e) *et seq.*. Defendant does not currently anticipate challenging the Court's subject matter jurisdiction over the Plaintiff's claims. However, Defendant expressly reserves, and does not waive, its right to challenge subject matter jurisdiction at a later time, consistent with applicable law.

### B. Personal Jurisdiction

Plaintiff contends that this Court has personal jurisdiction over the Defendant. Defendant does not currently anticipate challenging the Court's personal jurisdiction over Defendant. However, Defendant expressly reserves, and does not waive, its right to challenge subject matter jurisdiction at a later time, consistent with applicable law.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

Plaintiff claims that Defendant was constructively discharged from his employment as a result of discrimination against plaintiff in violation of federal and state employment discrimination laws.

    **B.**    Defenses and Claims of Defendant

Defendant denies each and every claim asserted by Plaintiff. Defendant maintains that Plaintiff was appropriately disciplined for tardiness and absenteeism; that he ultimately abandoned his position without explanation; and that he had failed to avail himself of available internal procedures for the adjustment of his employment-related grievances. Consistent with applicable law, Defendant reserves its right to assert additional defenses and counterclaims against Plaintiff as the facts of this case are developed through the discovery process.

    **C.**    Defenses and Claims of Third Party Defendants

Not applicable at this time.

**IV.**     **STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff is an individual citizen of Rhode Island.

2. Defendant United Natural Foods Inc., is a corporation, with a facility in Dayville, Connecticut.

3. Plaintiff was employed by Defendant as a truck driver from December, 1999, until March 7, 2001.

**V.**     **CASE MANAGEMENT PLAN**

    **A.**    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

**Motions relating to joinder of parties claims or remedies, class certification and amendment of pleadings:**

1. Plaintiff should be allowed until October 15, 2003 to file motions to adjoin additional parties and to amend the pleadings.

2. Defendant pleaded to the Complaint by Answer dated September 2, 2003. If Plaintiff files any amended pleading, Defendant should be allowed until November 7, 2003, to answer, move or otherwise respond to Plaintiff's Amended pleading, and to file motions to join additional parties.

**Motions to dismiss based on the pleadings:**

N/A.

**Formal discovery:** Shall be completed by April 15, 2004;

**Motions for Summary Judgment:** Shall be filed by May 17, 2004.

**B.**  Scheduling Conference with the Court

The parties do not request a pre-trial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. Pro. 16(b).

**C.**  Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3. Not applicable.

4

    4.    The parties do not, at this time, request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ, R. 36.

**D.**    Discovery

1.    The parties anticipate that discovery will be needed on the following subjects:

    a.    Plaintiff's work assignments, job description and duties, his job qualifications, work experience, education and/or training and hours of work; his job performance; the basis for his claims of discriminatory conduct; Defendant's practices and policies for the investigation and resolution of race discrimination complaints; Plaintiff's separation from his employment with Defendant; Defendant's hiring, seniority, promotion, and discipline practices for its Connecticut facility drivers; Plaintiff's damages and his efforts to mitigate his damages; the hiring, discipline, work job qualifications, work experience, education and/or training promotion and separation from employment of dispatchers; the training and education of supervisory personnel with regard to workplace discrimination; workforce profile data; the job description and duties of dispatchers and human resources personnel; and Defendant's insurance coverage.

    b.    In addition to the foregoing, Plaintiff and Defendant:

5

      (i)    Reserve the right to seek discovery on other issues that may arise during the course of litigation;

      (ii)    Reserve the right to object to individual discovery requests as appropriate.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), shall be completed (not propounded) by April 15 2004.

3. Discovery will not be conducted in phases.

4. Pursuant to Fed. R. Civ. Pro 26(a), the parties have agreed that substantial initial disclosures have already been made through the pre-filing administrative proceedings, and that additional initial disclosures shall be made by October 30, 2003.

5. The parties anticipate that the Plaintiff will require a total of not more than ten depositions of fact witnesses and that the defendant will require not more than ten depositions of fact witnesses. Depositions may commence immediately and will be completed by April 15, 2004;

6 The parties do not request permission to serve more than twenty-five interrogatories.

7. Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R.

Civ. P. 26(a)(2) by December 31, 2003. Depositions of any such experts will be completed by February 28, 2004.

Defendant will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 15, 2004. Depositions of any such experts will be completed by April 15, 2004; and

8.  A damage analysis will be provided by any party who has a claim for damages by December 31, 2003.

E.  Dispositive Motions

Dispositive Motions will be filed on or before May 17, 2004.

F.  Joint Trial Memorandum: The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 30, 2004, unless there is a pending Motion for Summary Judgment, in which case it will be due thirty (30) days after an order is entered with respect to such pending Motion for Summary Judgment.

VI.  TRIAL READINESS

A.  The case will be ready for trial within sixty days after the Court rules on all outstanding dispositive motions. If no dispositive motions are filed, the case will be ready for trial July 31, 2004.

**B.** As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By: *[signature]*
Catherine A. Sammartino
Sammartino & Berg LLP
C/o Moller, Peck & O'Brian
1010 Weathersfield Avenue
Hartford, CT 06114
(401) 274-0113
(401) 274-0175 fax
CAS@SBLLP.NET
Federal Bar No. CT24970

THE DEFENDANT

By: *[signature]*
Andrew Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103
Telephone # (860) 493-3468
Federal Bar No. CT12137

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM SCOTT | : | CASE NO. 303CV632(SRU) |
| VS. | : | |
| UNITED NATURAL FOODS INC. | : | OCTOBER 15, 2003 |

### CERTIFICATION

This is to certify that a fully executed copy of the foregoing Rule 26(F) report has been sent on this 15th day of October 2003, via first class mail, postage prepaid, to the following counsel of record:

Catherine A. Samartino, Esq.
Sammartino & Berg, LLP
C/o Moller, Peck & O'Brian
1010 Wethersfield Avenue
Hartford, CT 06114

Andrew Houlding, Esq.

9968-6/361827